IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO
COUNTY, FLORIDA

CASE NO.:  8:16-cv-4-T-26EAJ

PEGGY BARTLE,

    Plaintiff(s),

v.

SALLIE MAE, INC. d/b/a
NAVIENT SOLUTIONS,
INC.,

    Defendant(s).
_____/

## PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff, **PEGGY BARTLE** (hereinafter "Mrs. Bartle" or "Plaintiff") by and through the undersigned counsel, hereby files her Complaint against Defendant, **SALLIE MAE, INC. d/b/a NAVIENT SOLUTIONS, INC.** (hereafter "Sallie Mae" or "Defendant") for the unfair and unlawful debt collection practices in the State of Florida, and in support thereof states as follows:

### *Jurisdictional Allegations*

1. This is an action for damages greater than $15,000, exclusive of attorney's fees, interest, and costs.

2. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Florida Consumer Collections Practices Act, Florida Statute § 559.72 et. seq. ("FCCPA").

3. Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4. Venue is proper in Hernando County, Florida where the tortious activities took place in Hernando County, Florida.

## *Parties*

5. Plaintiff, Mrs. Bartle, is a natural person and at all times material hereto is an adult, a resident of Hernando County, Florida, and a "debtor" as defined by Fla. Stat. §559.55(8).

6. At all times material hereto, Defendant, SALLY MAE INC. d/b/a NAVIENT SOLUTIONS, INC. is a foreign profit corporation with its principal place of business in Reston, Virginia and its registered agent as CORPORATION SERVICE COMPANY located at 1201 Hays St., Tallahassee, FL 32301.

## *Factual Allegations*

7. Mrs. Bartle has three student loans (jointly hereafter "Debt") with Sallie Mae, which were taken out to cover her college education in addition to federal student loans. Her husband also has one student loan with Sallie Mae.

8. In or around early October 2014, Sallie Mae began calling Mrs. Bartle, her work, her family, and her friends in attempts to collect on the Debt.

9. Sallie Mae's calls to Mrs. Bartle's home phone from phone number 302-283-4088, include, but are not limited to, the following dates and times. *See* **Exhibit A.**

    **Excerpts of Home Phone Logs.:**

    a. October 4, 2014 at 7:30 p.m.;
    b. October 6, 2014 two times – 8:19 a.m. and 8:15 p.m.;
    c. October 7, 2014 two times – 10:13 a.m. and 1:38 p.m.;
    d. October 8, 2014 two times – 8:14 a.m. and 8:24 p.m..

10. Sallie Mae's calls to Mrs. Bartle's home phone from phone number 302-283-4044, include, but are not limited to, the following dates and times. *See* **Exhibit A. Excerpts of Home Phone Logs.**:

    a. October 6, 2014 at 4:26 p.m.;
    b. October 7, 2014 two times – 8:11 a.m. and 6:04 p.m.;
    c. October 8, 2014 – 3:45 p.m..

11. On or around November 2, 2014, Mrs. Bartle mailed a cease and desist letter (hereafter "Cease Letter") with all relevant information to Sallie Mae, prohibiting Sallie Mae from contacting Mrs. Bartle, her family, or her friends in relation to the Debt. *See* **Exhibit B. Cease and Desist Letter.**

12. Mrs. Bartle requested any deferment options to be sent to her in writing in the Cease Letter.

13. Sallie Mae never sent Mrs. Bartle deferment options.

14. Despite Mrs. Bartle's cease and desist instruction, Sallie Mae continued to call Mrs. Bartle's family.

15. Sallie Mae called Mrs. Bartle's aunt multiple times regarding the Debt in or around the end of 2014 and the beginning of 2015.

16. Sallie Mae was rude when speaking to Mrs. Bartle's aunt regarding the Debt.

17. Additionally, despite Mrs. Bartle's cease and desist instruction, Sallie Mae continued to call Mrs. Bartle's work, home, and cell phone numbers.

18. All Sallie Mae's calls to Mrs. Bartle's work were received by the front desk receptionist.

19. Sallie Mae would leave messages with the front desk receptionist regarding the Debt.

20. In or around late 2014, Mrs. Bartle's employer expressed that Mrs. Bartle may lose her employment if she continued to receive collection calls from Sallie Mae at work.

21. Mrs. Bartle demanded that Sallie Mae stop calling her at work and informed them that she could lose her employment as a result.

22. Sallie Mae's calls to Mrs. Bartle's work did not stop.

23. On or around January 20, 2015, Mrs. Bartle faxed a letter to Sallie Mae demanding that they stop calling her at work. *See* **Exhibit C. Work Call Letter.**

24. Sallie Mae received Mrs. Bartle's letter. *See* **Exhibit D. Fax Confirmation.**

25. Despite this instruction, Sallie Mae did not stop calling Mrs. Bartle's work.

26. Sallie Mae also continued to make phone calls to Mrs. Bartle's cellular phone after having received the Cease Letter.

27. Sallie Mae's calls to Mrs. Bartle's cellular phone from phone number 866-989-1674, include, but are not limited to, the following dates and times: *See* **Exhibit E. Excerpt of Cell Phone Logs:**

    a. March 16, 2015 three times – 11:35 a.m.; 12:29 p.m.; and 12:54 p.m.

28. Sallie Mae's phone calls to Mrs. Bartle's home phone did not stop after the Cease Letter, either.

29. Sallie Mae's calls to Mrs. Bartle's home phone from phone number 302-261-5532, include, but are not limited to, the following dates and times. *See* **Exhibit A. Excerpts of Home Phone Logs:**

    a. October 14, 2015 two times – 8:09 a.m. and 6:03 p.m.;
    b. October 15, 2015 at 3:46 p.m.;
    c. October 16, 2015 four times – 8:05 a.m.; 9:35 a.m.; 3:32 p.m.; and 6:03 p.m..

30. Sallie Mae's calls to Mrs. Bartle's home phone from phone number 302-261-5793, include, but are not limited to, the following dates and times. *See* **Exhibit A. Excerpts of Home Phone Logs.:**

    a. October 13, 2015 at 7:58 p.m.;
    b. October 14, 2015 two times – 10:10 a.m. and 12:39 p.m.;
    c. October 15, 2015 two times – 8:15 a.m. and 7:58 p.m.; and
    d. October 16, 2015 at 11:32 a.m..

31. Mrs. Bartle has been harassed by Sallie Mae's calls due to the frequency and timing of each of the calls.

32. Under information and belief, each of the telephone calls identified in Paragraph 23 were placed to Mrs. Bartle's cellular phone using an automatic telephone dialing system.

33. Under information and belief, Sallie Mae did not place any telephone calls to Mrs. Bartle for emergency purposes.

34. Each telephone call Sallie Mae placed to Mrs. Bartle was in connection with the collection of a debt.

35. Sallie Mae did not have Mrs. Bartle's express consent to make any of the telephone calls identified in Paragraph 23 to Mrs. Bartle's cellular phone number.

### *Count 1: Violation of Restrictions on use of Telephone Equipment (Using an automated telephone system to contact a cellular phone that resulted in charges)*

36. Plaintiff re-alleges paragraphs 1-35 and incorporates the same herein by reference.

37. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. §227 (b)(1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone

> number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

38. Mrs. Bartle revoked consent to have Sallie Mae call her cellular phone on or around November 2, 2014 when Mrs. Bartle sent the Cease Letter.

39. Despite this revocation of consent, Sallie Mae thereafter continued to call Mrs. Bartle's cellular phone.

40. Sallie Mae willfully and knowingly placed non-emergency calls to Mrs. Bartle's cellular telephone without the express consent of Mrs. Bartle, using an automatic telephone dialing system, violating the Restrictions on Use of Telephone Equipment.

41. All conditions precedent to this action have occurred.

WHEREFORE, Plaintiff requests this Court to enter a judgment against Sallie Mae as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. §227(b)(3)(B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. §227(b)(3)(C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

42. Plaintiff re-alleges paragraphs 1-35 and incorporates the same herein by reference.

43. Sallie Mae violated the FCCPA. Sallie Mae's violations include, but are not limited to, the following:

a. Sallie Mae violated the FCCPA §559.72(4) by communicating with Mrs. Bartle's employer before obtaining final judgment against Mrs. Bartle when Mrs. Bartle explicitly withdrew the consent to call her workplace;

b. Sallie Mae violated the FCCPA §559.72(5) by disclosing to Mrs. Bartle's workplace information about her owing the Debt which affected her reputation causing her employer to threaten Mrs. Bartle's employment, with reason to know that Mrs. Bartle's workplace do not have a legitimate business need for the information;

c. Sallie Mae violated the FCCPA §559.72(7) by willfully communicating with Mrs. Bartle with such frequency as can reasonably be expected to harass Mrs. Bartle, by causing Mrs. Bartle's cell phone to ring continuously.

44. As a result of the above violations of the Act, Plaintiff has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

45. It has been necessary for Plaintiff to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

46. All conditions precedent to this action have occurred.

WHEREFORE, Plaintiff requests this Court to enter judgment against Sallie Mae as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, PEGGY BARTLE, demands a trial by jury on all issues so triable.

Respectfully submitted this **November 19, 2015.**

    */s/ Michael A. Ziegler*
    Michael A. Ziegler, Esq.
    FBN: 74864
    Law Office of Michael A. Ziegler, P.L.
    13575 58th Street North, Suite 129
    Clearwater, FL 33760
    (p) (727) 538-4188
    (f) (727) 362-4778
    mike@zieglerlawoffice.com